IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMER VARGAS, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | C.A. No. 4:11-cv-00875 |
| v. | § | |
| | § | |
| | § | JURY TRIAL DEMANDED |
| HWC GENERAL MAINTENANCE, LLC;  HOUSTON WINDOW CLEANING, LLC and JOSE A. ORANTES, | § § § § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSES

COMES NOW Plaintiff Wilmer Vargas and files this Motion To Dismiss Defendants' Affirmative Defenses pursuant to FED. R. CIV. P. 12(b)(6).  In support thereof, he would respectfully show the Court as follows:

### I. INTRODUCTION

On March 9, 2011, Plaintiff Wilmer Vargas (referred to as "Plaintiff") filed a putative collective action lawsuit under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"), alleging that Defendants HWC General Maintenance, LLC; Houston Window Cleaning, LLC and Jose A. Orantes (collectively referred to as "Defendants") failed to pay him overtime wages as required by law.  (Docket Entry No. 1).  On June 3, 2011, Defendant filed an answer denying the material allegations in

Plaintiff's complaint and pleading certain affirmative defenses.  (Docket Entry No. 11.)  Now, for the reasons detailed more particularly below, Plaintiff respectfully requests that the Court dismiss the affirmative defenses in paragraphs 50-51, 53-54, 57-59, 61-70 of Defendants' Original Answer pursuant to FED. R. CIV. P. 12(b)(6).  Answer (Docket Entry No. 11) at ¶¶ 50-51, 53-54, 57-59, 61-70.

## II. ARGUMENT & AUTHORITIES

Affirmative defenses are subject to the same pleading requirements that apply to complaints.  *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *TracFone Wireless, Inc. v. King Trading, Inc.*, No. 3:08-cv-0398, 2008 U.S. Dist. LEXIS 90613, at *3 (N.D. Tex. Nov. 6, 2008).  Thus, under FED. R. CIV. P. 8, an affirmative defense must be pled with sufficient particularity to state a claim for relief that is "plausible."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In an FLSA case, a defendant cannot meet the "fair notice" requirement by merely stating that a plaintiff is exempt; instead, the defendant must identify the particular exemption(s) upon which it intends to rely and set forth sufficient facts to make the exemption(s) plausible.  *Hogue v. Gyarmathy & Assoc., Inc.*, No. 2:10-cv-195, 2010 U.S. Dist. LEXIS 68826, at *3 (M.D. Fla. Jun. 21, 2010).  The plaintiff can then tailor his or her discovery to the exemption.

Rule 12(b)(6) allows dismissal if a pleading fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To avoid dismissal, a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  *Woodfield*, 193 F.3d at 362 (5th Cir. 1999).  "Although absolute specificity in pleading is not required, fair notice of

the affirmative defense is." *Automated Med. Labs v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980). "The issue is whether the pleading is sufficient to 'identify the affirmative defense in question' and provide notice of its basis." *Tran v. Thai*, No. 4:08-cv-03650, 2010 U.S. Dist. LEXIS 17946, at *3 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.) (quoting *Woodfield*, 193 F.3d at 362).

A.      **Exemption Defenses**

Any exemption from the overtime requirements of the FLSA must be asserted as an affirmative defense to a claim for unpaid overtime wages under the FLSA. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974) ("[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."); *Magana v. Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). As previously mentioned, affirmative defenses must be specifically pleaded by a defendant. FED. R. CIV. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]"). In this case, Defendants generically plead every available overtime exemption. Answer (Docket Entry No. 11) at ¶ 50 ("Some or all of Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA and any applicable state law."); Answer (Docket Entry No. 11) at ¶ 67 ("The claims of Plaintiff and any potential opt-ins fail as a matter of law to the extent that they are, and/or were, at any time, exempt from the overtime provisions of the FLSA and its regulations."). There are numerous FLSA exemptions, each with its own fact-specific test. 29 U.S.C. § 213; *see also*, 29 C.F.R. §§ 779-784,

786-788, 793-794.  By pleading every one of them, Defendants have completely failed to

"'identify the affirmative defense in question' and provide notice of its basis."  *Tran*,

2010 U.S. Dist. LEXIS 17946, at *3 (quoting *Woodfield*, 193 F.3d at 362); *Bell Atlantic

Corp.*, 550 U.S. at 570; *Hogue*, 2010 U.S. Dist. LEXIS 68826, at *3 (defendant cannot

meet the "fair notice" requirement by merely stating that a plaintiff is exempt; instead,

the defendant must identify the particular exemption(s) upon which it intends to rely and

set forth sufficient facts to make the exemption(s) plausible).  Therefore, pursuant to Fed.

R. Civ. P. 12(b)(6), the Court should dismiss Defendants' exemption defenses.

## B.    Good Faith Defenses

There are two separate good faith defenses to claim for unpaid wages under the

FLSA.  "The first defense, under 29 U.S.C. § 259(a), provides a defense to FLSA liability

if 'the act or omission complained of was in good faith in conformity with and in reliance

on any written administrative regulation, order, ruling, approval, or interpretation' of the

Wage and Hour Division of the Department of Labor."  *Tran*, 2010 U.S. Dist. LEXIS

17946, at *5 (quoting 29 U.S.C. § 259(a)).  "The second defense, under 29 U.S.C. § 260,

would allow defendants, if found liable, to avoid paying liquidated damages if they can

show 'that the act or omission giving rise to such action was in good faith and that [they]

had reasonable grounds for believing that [their] act or omission was not a violation of

the [FLSA]."  *Id*.; *see also*, *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir.

1999) ("Under the FLSA, a district court *may not* exercise its discretionary authority to

reduce or to eliminate a liquidated damages award unless the employer first sustains its

burden of showing that its failure to obey the statute was in good faith. … The statutory

language clearly indicates that it is not the employee's burden to disprove good faith. Rather, the employer has the burden of proving its good faith.") (emphasis added) (internal citations and quotations omitted).

In this case, Defendants "have merely repeated the statutes in their answer." *Tran*, 2010 U.S. Dist. LEXIS 17946, at *5; Answer (Docket Entry No. 11) at ¶ 51 ("Defendant acted in good faith and had reasonable grounds for believing that they acted properly in their pay and classification practices with respect to Plaintiff and other individuals."); Answer (Docket Entry No. 11) at ¶ 66 ("Defendants acted in good faith and without any willful intent to deprive Plaintiff and any potential opt-ins of compensation.").  "The defendants know the bases for their affirmative defenses that they relied on a regulation, order, ruling, approval, or interpretation of the Wage and Hour Division and that they acted in good faith." *Tran*, 2010 U.S. Dist. LEXIS 17946, at *5.  "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  Therefore, pursuant to FED. R. CIV. P. 12(b)(6), the Court should dismiss Defendants' good faith defenses.

**C.    Failure To Exhaust Administrative Remedies Defense**

Defendants allege that "Plaintiff's claims and the claims of any potential opt-ins are barred to the extent that they have failed to exhaust administrative remedies, and/or have otherwise failed to take those steps that are prerequisites to filing the Complaint." Answer (Docket Entry No. 11) at ¶ 65.  There is no such requirement for pursuing a

claim under the FLSA.  *See generally*, 29 U.S.C. §§ 201-219.  Assuming there were, Defendants did not specifically identify the administrative remedies that Plaintiff and members of the putative class failed to exhaust and/or the specific conditions precedent that Plaintiff and members of the putative class failed to perform.  Answer (Docket Entry No. 11) at ¶ 65.  Therefore, pursuant to FED. R. CIV. P. 12(b)(6), the Court should dismiss Defendants' failure to exhaust administrative remedies defense.

## D.    Constitutional Defenses

Defendants plead that "Plaintiff's attempt to pursue this case as a collective action violates Defendants' constitutional rights to a jury trial[1] and due process."  Answer (Docket Entry No. 11) at ¶ 53.  Defendants also plead that the "damages sought by Plaintiff do not bear any reasonable relationship to the harm allegedly suffered by them; rather, the damages sought by Plaintiff are punitive and disproportionate and, as such, violate the Constitution."  Answer (Docket Entry No. 11) at ¶ 70.  Based on well-settled case law and even though Defendants did not cite the specific provisions of the Constitution on which they rely, neither of those defenses have any merit.  *Reich v. Tiller Helicopter Servs.*, 8 F.3d 1018, 1031-32 (5th Cir. 1993) (explaining functions of a jury in an action brought under 29 U.S.C. § 216(b)); *Castillo v. Givens*, 704 F.2d 181, 186-87 n.11 (5th Cir. 1983), *cert. denied*, 464 U.S. 850 (1983) (noting right to a jury trial in an action brought under 29 U.S.C. § 216(b)); *Overnight Motor Transp. Co. v. Missel*, 316

---

[1] Interestingly, although Defendants argue that the collective action provisions of the FLSA violate their "constitutional rights to a jury trial and due process[,]" they also deny, on the immediately preceding page of their answer, "that a jury is proper as to certain claims in this case."  Answer (Docket Entry No. 11) at ¶¶ 46, 53.

U.S. 572, 583-84 (1942) (liquidated damages are compensatory, not punitive); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-708 (1945) (same); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416 & nn. 5-6 (1978) (award of attorneys' fees to a prevailing plaintiff in an FLSA case is mandatory); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 261-62 nn. 34-36 (1975) (same).  Therefore, pursuant to FED. R. CIV. P. 12(b)(6), the Court should dismiss Defendants' constitutional[2] defenses.

## E.    Failure To Mitigate Damages Defenses

Defendants have pleaded that Plaintiff's claims and the claims of members of the putative class are barred because they failed to demand payment for the alleged overtime wages and/or that they failed, in some way or another, to notify Defendants that they were working overtime and/or that they worked overtime without express authorization. Answer (Docket Entry No. 11) at ¶¶ 57-59, 69.  In addition to failing to plead with enough specificity or factual particularity to give Plaintiff fair notice, those defenses are not available in FLSA cases as a matter of law.  *Woodfield*, 193 F.3d at 362 (5th Cir. 1999) (a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced"); *King v. ITT Educ. Servs., Inc*., No. 3:09-cv-848, 2009 U.S. Dist. LEXIS 99725, at *3 (M.D. Fla. Oct. 27, 2009) (finding as a matter of law that "there is no requirement to mitigate overtime wages under the FLSA"); *Gonzalez v. Spears Holdings, Inc*., No. 09-cv-60501, 2009 U.S. Dist. LEXIS 72734, at *3 (S.D. Fla. July 31, 2009) (granting a

---

[2] If Defendants intend on challenging the constitutionality of the FLSA or any of its provisions, the Court should order them to immediately notify the United States Attorney General as required by FED. R. CIV. P. 5.1.

motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice); *Lopez v. Autoserve LLC*, No. 05-cv-3554, 2005 U.S. Dist. LEXIS 29161, at *2 (N.D. Ill. Nov. 17, 2005) (granting the plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA); *Perez-Nunez v. North Broward Hosp. Dist.*, No. 008-cv-61583, 2009 U.S. Dist. LEXIS 25557, at *2 (S.D. Fla. Mar. 13, 2009) (granting motion to strike the mitigation-of-damages affirmative defense and holding that a duty-to-mitigate-damages defense based on the plaintiff's failure to timely disclose alleged violations to her employer so that the terms of her employment could be corrected failed as a matter of law under the FLSA).   Therefore, pursuant to FED. R. CIV. P. 12(b)(6), the Court should dismiss Defendants' failure to mitigate damages defenses.

**F.    Set-off Defenses**

Defendants have pleaded that, if found liable, they should be entitled to a set-off against Plaintiff's damages under various legal theories.  Answer (Docket Entry No. 11) at ¶¶ 54, 68.  Again, in addition to failing to plead with enough specificity or factual particularity to give Plaintiff fair notice of the defenses being advanced, the Fifth Circuit has, however, unequivocally rejected the notion that a defendant is entitled to a set-off against back pay awarded under the FLSA.  *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974).  The *Brennan* court held that it is inappropriate for a defendant to seek set-off against damages awarded in an FLSA lawsuit because it would deprive an employee of the "cash in hand" contemplated by the FLSA.  The court explained:

8

> The federal courts were not designated by the FLSA to be either creditor collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employee of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]. **The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards.** To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the [FLSA].

*Id.*; *see also*, *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742-43 (2010) (noting that the Fifth Circuit looks with disfavor on set-offs in FLSA cases); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010) (noting that the only function of the judiciary under the FLSA is to assure to the employees of a covered company a minimum level of wages and holding that arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the FLSA); *Phillips v. Trans Health Mgmt., Inc.*, No. H-04-0458, 2004 U.S. Dist. LEXIS 30945, at *5 (S.D. Tex. July 15, 2004) ("the only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards … any other proceedings would be antithetical to the purposes of the FLSA"); *Shalow-Wilson v. Calvary Transport Services, LLC*, No. 4:09-cv-03987 (S.D. Tex. Mar. 26, 2010) (denying defendants' motion for leave to amend pleadings to include counterclaims for conversion and fraud in FLSA case).  Therefore, pursuant to FED. R. CIV. P. 12(b)(6), the Court should dismiss Defendants' set-off defenses.

### G.     Waiver, Estoppel, Unclean Hands and Laches

Finally, Defendants have pleaded that they are not liable based on the equitable defenses of waiver, estoppel, unclean hands and laches.  Answer (Docket Entry No. 11) at ¶¶ 61-64.  The equitable defenses of waiver, estoppels, unclean hands and laches are generally unavailable in FLSA cases because employees cannot waive their rights under the FLSA unless supervised by the Secretary of Labor or a United States District Court. *Reeves v. ITT Corp.*, 616 F.2d 1342, 1350 (5th Cir. 1980) (rejecting laches defense to employee's claim for unpaid wages and liquidated damages); *Ayers v. Consol. Const. Servs. of SW Fla., Inc.*, No. 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *1-2 (M.D. Fla. Nov. 26, 2007) (granting motion to strike laches and estoppel affirmative defenses because of "the general rule that an employee cannot waive her rights under the FLSA without supervision by the Secretary of Labor or the Court"); *Perez-Nunez*, 2009 U.S. Dist. LEXIS 25557, at *2 ("The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims.").  Even assuming they do apply, Defendants have not alleged sufficient facts to put Plaintiff and members of the putative class on fair notice of the defenses.  *Woodfield*, 193 F.3d at 362 (5th Cir. 1999).  Therefore, pursuant to FED. R. CIV. P. 12(b)(6), the Court should dismiss Defendants' equitable defenses of waiver, estoppel, unclean hands and laches.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the affirmative defenses contained in paragraphs 50-51, 53-54, 57-59, 61-70 of Defendants' Original Answer. Answer (Docket Entry No. 11) at ¶¶ 50-51, 53-54, 57-59, 61-70.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore

     Melissa Moore
     State Bar No. 24013189
     Federal Id. No. 25122
     Curt Hesse
     State Bar No. 24065414
     Federal Id. No. 968465
     Lyric Center
     440 Louisiana Street, Suite 675
     Houston, Texas 77002
     Telephone: (713) 222-6775
     Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Pursuant to S.D. TEX. L. R. 5.1, I certify that a true and correct copy of the foregoing was served on all counsel of record on the 3rd day of June in the year 2011 via the Court's CM/ECF system.

/s/ Melissa A. Moore

Melissa Ann Moore