UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMER VARGAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-875 |
| | § | |
| HWC GENERAL MAINTENANCE, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Wilmer Vargas' motion to dismiss Defendants' HWC General Maintenance, LLC ("HWC"), Houston Window Cleaning, LLC ("Houston Window"), and Jose A. Orantes' affirmative defenses. Doc. 13. Specifically, Vargas moves under Rule 12(b)(6) to dismiss Defendants' Second, Third, Fifth, Sixth, Ninth, Tenth, Eleventh, and Thirteenth through Twenty Second affirmative defenses contained in Defendants' answer. Doc. 11 at 9 to 13. Defendants have responded asserting that Rule 12(b)(6) "is not proper for dismissing a defendant's affirmative defenses" which more appropriately should be addressed under Rule 12(f), that motions under either Rule 12(b)(6) or 12(f) are premature because the parties have not completed discovery, and that "Plaintiff's [p]leadings [m]ake [i]t [i]mpossible for Defendants to [p]lead [m]ore [s]pecifically." Doc. 16 at 3-4.

Having considered the motion, the facts of this case, and the applicable law, the Court finds that Vargas' motion to dismiss should be granted.

Background

In his original complaint, Vargas states that "Defendants own and operate a window cleaning and maintenance business in the greater Houston metropolitan [area]." Doc. 1 at 3.

Vargas worked "as a laborer, window cleaner, maintenance person, and mechanic beginning in 2004 and continuing until June 2010." *Id.* at 4. In that capacity, Vargas asserts that he and similarly situated employees "regularly work[ed] in excess of forty . . . hours per week." *Id.* Nevertheless, in violation of the Fair Labor Standards Act ("FLSA"), Defendants did not pay Vargas, nor similarly situated employees, overtime wages as required by FLSA. Instead, "Defendants [paid] Laborers and other hourly employees, including [Vargas], at their regular rate regardless of the number of hours worked." *Id.* Vargas additionally advances a number of individual allegations and allegations on behalf of similarly situated employees to establish Defendants' "patterns or practices of failing to pay its employees overtime compensation." *Id.* at 6.

Vargas filed his original complaint in this Court on March 9, 2011. *Id.* In that complaint, Vargas alleged Defendants failed to pay overtime compensation to nonexempt employees in direct violation of 29 U.S.C. § 207(a). Vargas sought conditional certification of a class including "[a]ll current and former employees of each of the above named Defendants who worked as a 'Laborers, Window Cleaners, Maintenance Persons, and Mechanics' [sic] or any other non-exempt hourly employee 1) who worked at any location [owned by the Defendants and] 2) who claim they were misclassified as an independent contractor and denied overtime compensation and seek payment for overtime pay." *Id.* at 6-7. On behalf of himself and the class, Vargas seeks recovery of "payment for all hours worked in excess of forty . . . per workweek at one and one-half times his regular rate . . . [and] liquidated damages in an amount equal to one and one-half times his regular rate for all hours worked in excess of forty . . . per workweek as a result of Defendants' failure to comply with the FLSA." *Id.* at 7.

<u>Legal Standard</u>

The Fifth Circuit has held that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). In *Woodfield*, decided before the Supreme Court's influential decisions in *Twombly* and *Iqbal*, the Fifth Circuit determined that the federal pleading standards required that "a defendant . . . must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced . . . [and that] in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The Fifth Circuit has not had occasion to revisit its decision in *Woodfield* subsequent to the *Twombly* and *Iqbal* decisions. District courts in the Fifth Circuit have noted the tension between the *Woodfield* court's reference to the more relaxed pleading standards that existed at the time that decision came down and the heightened pleading standards now in effect. *See U.S. v. Brink*, 2011 WL 835828, *2-3 (S.D.Tex. 2011) ("[T]he 'fair notice' standard for affirmative defenses set forth in *Woodfield* is in some doubt following the Supreme Court's decisions in *Twombly* and *Iqbal*."); *EEOC v. Courtesy Bldg. Servs.*, 2011 WL 208408, *2 (N.D.Tex. 2011) ("[T]he Fifth Circuit decided *Woodfield* prior to when *Twombly* and *Iqbal* were decided, and it applied to affirmative defenses the 'fair notice' pleading standard then in effect, *i.e.*, the standard found in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and its progeny. . . . [I]t is unclear whether this . . . [standard] still holds true under the plausibility standard of *Twombly* and *Iqbal*.").

In *Brink*, Judge Janis Graham Jack followed the example of the numerous district courts that found the plausibility standard of *Twombly* and *Iqbal* applicable to assessing the sufficiency of affirmative defenses. 2011 WL 835828, *3 (citing *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 536 (D.Md.2010); *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167 (N.D.Cal. 2010) (noting that "the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses"); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 nn.14–15 (citing nine cases that applied *Twombly* and *Iqbal* to affirmative defenses and three cases that reached the opposite conclusion)). This Court also agrees that the plausibility standard articulated in *Twombly* and *Iqbal* applies to the sufficiency of affirmative defenses. The Court therefore assesses Vargas' motion to dismiss through the framework of a Rule 12(b)(6) motion to dismiss.

Rule 12(b)(6) allows dismissal if a party fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

A party is not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

Analysis

Defendants contend that "[t]he proper remedy to object to a defendant's affirmative defenses is a Rule 12(f) motion" and that Vargas' motion under Rule 12(b)(6) therefore should be denied. Doc. 16 at 3. Although Defendants are correct that Rule 12(f) grants the Court authority "strike from a pleading an insufficient defense" and is generally applicable to affirmative defenses, because the Court has determined that the "plausibility standard" courts routinely apply to Rule 12(b)(6) motions applies to Defendants' affirmative defenses, the distinction is unavailing.[1]

Defendants' twenty-three affirmative defenses consist entirely of legal conclusions devoid of factual allegations. For example, Defendants second affirmative defense states that "[s]ome or all of Plaintiff's claims . . . are barred . . . by statutory exemptions . . . under the FLSA and any applicable state law." Doc. 11 at 9. Defendants do not identify *which* of Vargas' claims are barred, the specific FLSA or state law exemptions that apply, nor the factual basis for the applicability of any exemption. The same conclusory language characterizes each of Defendants' affirmative defenses.

Defendants also contend that they cannot adequately respond to Vargas' complaint because his complaint lacks sufficient specificity. *Id.* at 4. Vargas' purported failure adequately to plead his complaint is not grounds for ignoring Defendants' burden. If Defendants' believe that Vargas has failed to plead with sufficient specificity, they may move to dismiss his complaint pursuant to Rule 12(b)(6).

Because Defendants' affirmative defenses fail to state a claim for which relief can be

---

[1] Defendants also contend that although "Plaintiff asks the Court to strike paragraphs 50-51, 53-54, 57-59, [and] 61-70 of Defendants' Original Answer, Plaintiff does not address each of these paragraphs in his motion" and that the Court therefore should deny "[a]ny relief sought to paragraphs not referenced in his Motion to Strike [sic]." Doc. 16 at 5. Rule 12(f) clearly grants the Court authority to strike an insufficient defense on the motion of a party or on its own motion, and the Court here considers the sufficiency of all of Defendants' affirmative defenses.

granted, they must be dismissed.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff Wilmer Vargas' motion to dismiss Defendants' affirmative defenses (Doc. 13) is **GRANTED**. Defendants' affirmative defenses numbered One through Twenty Three are **DISMISSED** without prejudice to Defendants' right to re-plead those defenses sufficient to satisfy the federal pleading requirements.

SIGNED at Houston, Texas, this 20th day of March, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE